

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEKOU DOUKOURE,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   19-70769

Agency No. A216-272-049

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 19, 2020
San Francisco, California

Before:  THOMAS, Chief Judge, and KELLY[**] and MILLER, Circuit Judges.

Petitioner Sekou Doukoure, a native and citizen of Guinea, petitions for
review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from
the Immigration Judge's ("IJ") denial of his application for asylum, withholding of
removal, and Convention Against Torture ("CAT") relief.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the
U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

under 8 U.S.C. § 1252(a)(1), and we deny the petition in part and dismiss it in part. Because the parties are familiar with the history of the case, we need not recount it here.

1.      Substantial evidence supports the IJ's and the BIA's adverse credibility determination and, consequently, the agency's conclusion that Petitioner is not entitled to asylum or withholding of removal. Where the BIA provides multiple grounds for an adverse credibility finding, as it did here, the finding must be upheld so long as one ground is nontrivial and supported by substantial evidence. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1125 n.8 (9th Cir. 2010); *Shrestha v. Holder*, 590 F.3d 1034, 1043–48 (9th Cir. 2010). Here, the record demonstrates inconsistencies in Petitioner's testimony and other statements of record concerning whether he had family other than his immediate family living near him in Guinea, and when he last saw his mother. The evidence Petitioner presented was not "'so compelling that no reasonable factfinder could find that [he] was not credible.'" *Malkandi v. Holder*, 576 F.3d 906, 917 (9th Cir. 2009) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)).

We lack jurisdiction to consider Petitioner's challenges to the IJ's reliance on an omission from his asylum application and the IJ's finding that Petitioner

provided non-responsive testimony because Petitioner did not raise those issues before the BIA. 8 U.S.C. § 1252(d)(1).

The adverse credibility determination is sufficient to support the denial of relief because the IJ found that the other evidence of record did not sufficiently support Petitioner's claims for asylum or withholding of removal, and Petitioner did not appeal those findings to the BIA.

2. Substantial evidence supports the agency's decision to deny relief under the CAT. An adverse credibility determination is not necessarily fatal to a CAT claim. *Kamalthas v. INS*, 251 F.3d 1279, 1283–84 (9th Cir. 2001). However, when the petitioner is found not credible, the record apart from the petitioner's testimony must compel the conclusion that it is more likely than not that the petitioner would be tortured in order to reverse the agency's decision. *Shrestha*, 590 F.3d at 1048–49. Here, the IJ determined that the non-testimonial evidence in the record did not warrant CAT relief. Petitioner did not challenge the IJ's denial of CAT relief independent of the adverse credibility determination before the BIA, so we lack jurisdiction to consider the independent merits. 8 U.S.C. § 1252(d)(1).

3. Petitioner was not deprived of due process by the translation provided at his hearing before the IJ. In immigration proceedings, "'[a] due process violation occurs where (1) the proceeding was so fundamentally unfair that the

3

alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). Although "[c]larification or repetition was at times required," the record in this case indicates that the translation provided at the hearing gave Petitioner "a fair opportunity to relate [his] version of events." *Kotasz v. INS*, 31 F.3d 847, 850 n.2 (9th Cir. 1994). With respect to the specific purported translation error Petitioner alleges, the IJ immediately alerted Petitioner to the apparent inconsistency with his prior testimony and gave him multiple opportunities to explain or clarify his testimony. Petitioner later raised the purported translation error to the IJ as an alternative explanation for the inconsistency, but the IJ and BIA reasonably rejected this explanation as inconsistent with his prior testimony. On this record, Petitioner has not demonstrated that the translation provided at his hearing was so inadequate that he was deprived of the opportunity to present his case.[1]

---

[1] We deny the Petitioner's motion to supplement the administrative record with an audio recording of the hearing that was not first presented to the BIA. *See* 8 U.S.C. § 1252(b)(4)(A).

4.      We lack jurisdiction to consider Petitioner's due process claim concerning the IJ's denial of his request for a continuance because he did not exhaust that claim before the agency.  8 U.S.C. § 1252(d)(1).

**PETITION DENIED IN PART AND DISMISSED IN PART.**