**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 2 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VICTOR EDGARDO ACOSTA
PERALTA,

            Petitioner,

    v.

ROBERT M. WILKINSON, Acting
Attorney General,

            Respondent.

No.    19-71297

Agency No. A087-542-856

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 3, 2021
Phoenix, Arizona

Before:  W. FLETCHER, MILLER, and HUNSAKER, Circuit Judges.

Victor Edgardo Acosta Peralta petitions for review of an order of the Board

of Immigration Appeals dismissing his appeal from the immigration judge's denial

of his application for withholding of removal and protection under the Convention

Against Torture (CAT). We refer to petitioner as "Victor" to distinguish him from

his father, Bernardo Acosta Peralta, whose petition we resolve today in a separate

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

memorandum disposition. *See Bernardo Acosta Peralta v. Wilkinson*, No. 19-72033 (9th Cir. Mar. 2, 2021). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We grant the petition in part, deny it in part, and remand to the Board for further proceedings.

1.      Because the Board did not adopt the immigration judge's adverse credibility finding but instead assumed credibility, we likewise assume Victor's testimony to be credible. *Singh v. Holder*, 753 F.3d 826, 828 (9th Cir. 2014). We therefore assume the accuracy of Victor's "factual assertions" and "determine whether the facts, and their reasonable inferences, satisfy the elements of the claim for relief." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 894 (9th Cir. 2018).

The Board principally based its denial of Victor's withholding claim on the lack of nexus between any persecution and Victor's family-based particular social group, which the Board assumed to be cognizable. Taking Victor's testimony as true, that finding was not supported by substantial evidence. To prove nexus for his withholding claim, Victor needed to show only that his family membership was "a reason"—not a "central reason"—for any past persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Victor and his family members repeatedly testified that the assailants targeted Victor because of his familial ties. And Victor testified that the assailants hounded his family across several different parts of Mexico, accosted his siblings, threatened his aunt, and murdered his

brother and uncles. This evidence compels the conclusion that the assailants would not have beaten Victor or threatened him with death were it not for his familial ties.

The Board relied on translations of two newspaper accounts of the deaths of Victor's brother and uncles to hold that Victor had not established that their deaths "were motivated by [a] financial or other criminal basis." Although we question the translation's accuracy with respect to the key issue of the date on which Victor's uncles were killed, we must accept the translations, which Victor did not challenge. Nevertheless, the articles do not displace Victor's presumptively credible testimony that the assailants killed his relatives for the same reasons that they threatened and harmed Victor.

The Board misapplied the *Barajas-Romero* standard in holding that the assailants' ultimate goal—to extort land from Victor's family—was the only reason for Victor's past harm. "[E]conomic extortion on the basis of a protected characteristic can constitute persecution," so individuals who suffer extortion and violence "not only for economic reasons, but also because of [their] family ties" have viable withholding claims. *See Ayala v. Sessions*, 855 F.3d 1012, 1020–21 (9th Cir. 2017); *see also Bhasin v. Gonzales*, 423 F.3d 977, 985–86 (9th Cir. 2005). Victor's family membership was at least "a reason" for his past abuse. *Barajas-Romero*, 846 F.3d at 360; *see also Garcia v. Wilkinson*, No. 19-72803, 2021 WL

3

628281, at *7–8 (9th Cir. Feb. 18, 2021).

2. The same errors undermine the Board's finding that Victor did not establish past persecution. The Board seems to have discounted or ignored key aspects of Victor's story—including abuse suffered by Victor's family members—on the ground that those events bore no nexus to Victor's claimed persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1030 (9th Cir. 2019) (M. Smith, J., specially concurring) ("It is uncontroversial that when threats are combined with the infliction of such violence and harm to a petitioner's family, they establish persecution."). On remand, the Board should reconsider whether Victor's past harm rose to the level of persecution given that his testimony, taken as true, shows a nexus between that harm and his familial ties.

3. For similar reasons, we also instruct the Board to reconsider Victor's CAT claim and evaluate Victor's account in its entirety. In conducting its analysis, the Board should consider Victor's presumptively credible testimony that the police were involved in and assented to his assailants' conduct, and that Victor and his father filed reports with the authorities, who refused to intervene on their behalf. The Board appears not to have considered this important evidence in assessing Victor's CAT claim, *see Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011), and Victor "need show only that 'a public official'"—not the entire Mexican government—would acquiesce in his torture, *Tapia Madrigal v. Holder*,

4

716 F.3d 499, 509 (9th Cir. 2013) (quoting 8 C.F.R. § 208.18(a)(1)).

4.     We disagree that the immigration judge violated Victor's due process rights by intimidating witnesses and limiting their testimony. In immigration proceedings, "[a] due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). But Victor does not identify any material aspects of his story missing from the record, nor does he show how any missing details could have changed the decision in this case. The immigration judge accepted a proffer of Victor's grandmother's testimony; Victor's remaining witnesses testified; and none of the exchanges about which Victor complains demonstrate that the immigration judge meaningfully curtailed their testimony. There also is no evidence that "the witnesses and the audience . . . were cowed and fearful of the [immigration judge's] reaction," as Victor claims.

5.     Because of the significant overlap between this case and Bernardo's case, we encourage the agency on remand to consolidate the cases or evaluate them together so that their disposition is consistent.

**PETITION GRANTED in part and DENIED in part; REMANDED.**

5