**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| BALERIO CARMONA-BAUTISTA, | No. 19-70614 |
| Petitioner, | Agency No. A098-801-079 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 1, 2021**
Pasadena, California

Before: KLEINFELD, HIGGINSON,*** and OWENS, Circuit Judges.

Balerio Carmona-Bautista seeks review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal of an Immigration Judge's (IJ) denial of his

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

application for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Our review is limited to the BIA's decision where the BIA conducts its own review of the evidence and law, 'except to the extent that the IJ's opinion is expressly adopted.'" *Vitug v. Holder*, 723 F.3d 1056, 1062 (9th Cir. 2013) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We review the BIA's legal determinations de novo and factual findings for substantial evidence. *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). Under the substantial evidence standard, we affirm the BIA's decision unless compelled to conclude to the contrary. *Id*.

First, Carmona-Bautista claims that the BIA erred in determining that he failed to establish a protected ground for withholding of removal. To qualify for relief, an applicant must demonstrate that his "life or freedom would be threatened 'because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.'" *Barajas-Romero v. Lynch*, 846 F.3d 351, 356 (9th Cir. 2017) (quoting 8 U.S.C. § 1231(b)(3)(A)).

The BIA properly determined that Carmona-Bautista's proposed social group of "witnesses to or victims of cartel violence or crime" in Mexico is not cognizable because it lacks particularity and social distinction. Carmona-

Bautista's proposed social group is not analogous to *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013) (en banc), because although Carmona-Bautista reported his kidnapping to the police he did not testify in open court, and substantial evidence supports the BIA's determination that Carmona-Bautista "did not present evidence that Mexican society in general 'perceives, considers, or recognizes persons' who have witnessed cartel violence as a distinct group."[1] *See also Reyes v. Lynch*, 842 F.3d 1125, 1138 (9th Cir. 2016); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–44 (9th Cir. 2020) (affirming BIA's determination that "people who report the criminal activity of gangs to police" in Guatemala was not a cognizable particular social group "because of the absence of society-specific evidence of social distinction").

Carmona-Bautista further argues that the case should be remanded to the IJ for clarification in light of the BIA's intervening precedential decision in *Matter of W-Y-C- & H-O-B-*, which emphasized that "[w]hile it is an applicant's burden to specifically delineate her proposed social group, the Immigration Judge should ensure that the specific group being analyzed is included in his or her decision."

---

[1] In *Henriquez-Rivas*, the en banc court held that the particular social group of "people who testified against gang members" in El Salvador was cognizable based on the "significant evidence that Salvadoran society recognizes the unique vulnerability of people who testify against gang members in criminal proceedings, because gang members are likely to target these individuals as a group." 707 F.3d at 1091–92.

27 I. & N. Dec. 189, 191 (BIA 2018). The BIA properly considered the same proposed social group that Carmona-Bautista argued before the IJ, *id.* at 191-92, and "[a]ny error committed by the IJ will be rendered harmless by the Board's application of the correct legal standard." *Brezilien v. Holder*, 569 F.3d 403, 411 (9th Cir. 2009) (quoting *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995)); *see also Cordoba v. Barr*, 962 F.3d 479, 482 (9th Cir. 2020) ("Whether a group constitutes a 'particular social group' is a question of law." (quoting *Pirir-Boc v. Holder*, 750 F.3d 1077, 1081 (9th Cir. 2014))).

Carmona-Bautista also asserts that the BIA erred in failing to address his eligibility for relief on the basis of his political opinion. The IJ concluded that Carmona-Bautista was targeted "for money" and not for any actual or imputed political opinion. Carmona-Bautista did not meaningfully challenge this determination before the BIA or on appeal to this court. Any such challenge is therefore abandoned. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Second, Carmona-Bautista argues that the BIA erred in denying relief under CAT. To qualify for such relief, Carmona-Bautista bears the burden of establishing that he will more likely than not be tortured with the consent or acquiescence of a public official if removed to his native country. *Xochihua-*

4

*Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the BIA's conclusion that Carmona-Bautista's prior kidnapping and harassment was not conducted by or with the acquiescence of public officials, and that Carmona-Bautista failed to establish that public officials would acquiesce in any future torture against him. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014); *Barajas-Romero*, 846 F.3d at 363. Carmona-Bautista's assertion of general violence and corruption in Mexico is insufficient to compel the opposite conclusion. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1230 (9th Cir. 2016) ("Where Petitioners have not shown they are any more likely to be victims of violence and crimes than the populace as a whole in Mexico, they have failed to carry their burden.").

Third, Carmona-Bautista claims that he was denied due process because the IJ did not allow his daughter to testify. He argues that his daughter's testimony would have corroborated his testimony and supported his credibility. We review due process challenges de novo. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). In immigration proceedings, "[a] due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quoting

5

*Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).  Carmona-Bautista fails to show prejudice because the BIA assumed that he testified credibly. Nor was Carmona-Bautista prevented from reasonably presenting his case because his daughter's testimony was duplicative of her declaration and other evidence submitted in the record.

Finally, the BIA did not err in declining to address whether the IJ erred in its negative credibility finding or whether Carmona-Bautista was barred from withholding of removal as a result of his prior convictions.  The BIA assumed that Carmona-Bautista's testimony was credible and affirmed only the IJ's alternate holding that Carmona-Bautista failed to establish a cognizable particular social group.  *See I.N.S. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

The petition for review is **DENIED**.