NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PAMELA HERNANDEZ ORTEGA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | Nos. 21-940 <br> 22-924 <br><br> Agency No. A213-082-558 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 9, 2023[**]
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,[***] District Judge.

In these consolidated petitions for review, Pamela Hernandez Ortega, a

native and citizen of Mexico, seeks review of orders of the Board of Immigration

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

Appeals ("BIA") dismissing her appeal from a decision by an Immigration Judge ("IJ") denying her applications for asylum and related relief from removal and denying her motions to remand and reopen. We have jurisdiction under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review in No. 21-940 and deny the petition for review in No. 22-924.[1]

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review the agency's factual findings for substantial evidence, *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020), and review constitutional and legal questions de novo, *Roy v. Barr*, 960 F.3d 1175, 1181 (9th Cir. 2020). We review the BIA's decision to deny a motion to remand or reopen for abuse of discretion and will not reverse unless the BIA acted arbitrarily, irrationally, or contrary to law. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097–98 (9th Cir. 2005).

1.      We lack jurisdiction to consider Hernandez Ortega's claims that changed circumstances excused her failure to file an asylum application within one year of her arrival in the United States under 8 U.S.C. § 1158(a)(2) and that she is eligible for special rule cancellation under 8 U.S.C. § 1229b(b)(2)(A). She did not

---

[1] Accordingly, we deny the motions to stay removal (Dkt. No. 3 in both No. 21-940 and No. 22-924) as moot.

present those claims to the agency and therefore failed to administratively exhaust them. *See Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). Because the untimeliness of her asylum application was dispositive, the BIA was not required to address her other asylum-related contentions. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

2.      The agency did not abuse its discretion in concluding that Hernandez Ortega's state court conviction for assault with a deadly weapon was a particularly serious crime, rendering her ineligible for both statutory withholding of removal and withholding of removal under the Convention Against Torture ("CAT"). *See* 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). The agency considered the relevant factors, *see Bare v. Barr*, 975 F.3d 952, 961–62 (9th Cir. 2020), and "we cannot reweigh evidence to determine if the crime was indeed particularly serious," *see Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013)). Further, the record supports the BIA's conclusion that Hernandez Ortega failed to produce testimony or evidence "directly attributing" her conviction to her PTSD and anxiety. *See Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021) (mental illness not relevant to particularly-serious-crime analysis unless evidence shows that the conviction was directly attributable to the illness).

3.      Substantial evidence supports the BIA's denial of CAT deferral of

3

removal because Hernandez Ortega failed to establish that it is more likely than not that she will be tortured by or with the acquiescence of the Mexican government if she returned to Mexico. *See Salguero Sosa v. Garland*, 55 F.4th 1213, 1221–22 (9th Cir. 2022).

4. The BIA did not act arbitrarily, irrationally, or contrary to law in denying Hernandez Ortega's motion to remand because the unexplained, nunc pro tunc reduction of her state court sentence did not undermine the IJ's uncontested conclusion that she was time-barred from seeking asylum.

5. The BIA did not act arbitrarily, irrationally, or contrary to law in denying Hernandez Ortega's motion to reopen based on her failure to support the motion with "previously unavailable, material evidence." *See INS v. Abudu*, 485 U.S. 94, 104 (1988). In seeking reopening, Hernandez Ortega offered mental health records that she argued established her incompetency and undermined the IJ's particularly-serious-crime determination. But Hernandez Ortega was represented by counsel at all but one appearance before the agency at which she asserted that she was entitled to appointed counsel based on her incompetence. The IJ found no bona fide doubt as to her ability to represent herself and invited her to present additional information bearing on that issue, but Hernandez Ortega thereafter retained new counsel and did not again assert her incompetency at subsequent hearings, on direct appeal to the BIA, or in her motion to remand.

These circumstances do not establish the unavailability of the mental health records Hernandez Ortega offered in support of her motion to reopen. The administrative record does not indicate that her counsel, whose effectiveness Hernandez Ortega has not challenged, sought to obtain mental health records or opinions that were otherwise previously unavailable. *See Dada v. Mukasey*, 554 U.S. 1, 14 (2008) (citing 1 C. Gordon, S. Mailman, & S. Yale-Loehr, Immigration Law and Procedure § 3.05[8][c], at 3-76.34 (rev. ed. 2007) (evidence not considered previously unavailable merely because the petitioner could have but chose not to present evidence earlier)).

6. Hernandez Ortega has not established that the agency violated her due process rights by preventing her from raising arguments in support of her claims for relief from removal. To establish a due process violation, Hernandez Ortega must demonstrate (1) that her removal proceedings were "so fundamentally unfair that [she] was prevented from reasonably presenting h[er] case" and (2) "prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)).

Hernandez Ortega has not established fundamental unfairness. She was almost always represented by counsel, and her motion to reopen did not assert a claim of ineffective assistance of counsel. *See Benedicto*, 12 F.4th at 1062 ("The

5

proper way to raise and exhaust an ineffective assistance of counsel claim in this situation is through a motion to reopen before the agency."). The IJs did not prohibit her from introducing evidence or impede or curtail her testimony. And to the extent she argues that the agency misapplied case law to the facts of her case, that argument is, at bottom, an "abuse of discretion claim[] recast as [a] due process violation[] . . . ." *See Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001). Moreover, Hernandez Ortega has failed to establish prejudice from any asserted due process violation.

**NO. 21-940: PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**

**NO. 22-924: PETITION FOR REVIEW DENIED.**