NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ERASMO GARCIA-GREGORIO, | No. 23-1117 |
| Petitioner, | Agency No. A078-455-502 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 8, 2024**
Pasadena, California

Before: WARDLAW, CHRISTEN, and BENNETT, Circuit Judges.

Petitioner Erasmo Garcia-Gregorio, a citizen of Mexico, petitions for review

of the immigration judge's ("IJ") negative reasonable fear determination. We have

jurisdiction under 8 U.S.C. § 1252. We review the IJ's reasonable fear

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

determination for substantial evidence. *Bartolome v. Sessions*, 904 F.3d 803, 811 (9th Cir. 2018). We review due process challenges de novo. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We deny the petition.

1. Substantial evidence supports the IJ's negative reasonable fear determination. The harm Garcia-Gregorio suffered did not rise to the level of persecution or torture. "Persecution . . . is an extreme concept that means something considerably more than discrimination or harassment." *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). In determining whether treatment a petitioner receives rises to the level of persecution, courts consider several non-exclusive factors, including "whether the petitioner was subject to significant physical violence, and . . . whether the petitioner's harm was an isolated incident or . . . part of an ongoing pattern of serious maltreatment." *Id.* at 1061 (internal quotation marks and citations omitted). And harm that "d[oes] not rise to the level of persecution . . . necessarily falls short of the definition of torture." *Id.* at 1067.

Garcia-Gregorio was threatened by his former friend Adolfo Ruiz around 2004. He was also a victim of two or three robberies that occurred in or before 2004. Although Garcia-Gregorio was threatened with a knife and hit during one of

the robberies, he did not testify that he experienced "significant physical violence." His testimony thus does not support that he was subject to "an ongoing pattern of serious maltreatment." We therefore agree with the IJ that the harm Garcia-Gregorio suffered did not rise to the level of persecution or torture.

Garcia-Gregorio also testified that the only reason someone would harm him is for his money, and that he had never experienced harm because of any protected ground. "[T]his court's precedent precludes relief when persecution is 'solely on account of an economic motive.'" *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1020 (9th Cir. 2023) (quoting *Baballah v. Ashcroft*, 367 F.3d 1067, 1075 n.7 (9th Cir. 2004)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And Garcia-Gregorio's testimony that it was possible that he could be harmed because of his religion because people "do not respect people that are Catholic," was mere speculation.

2. Garcia-Gregorio argues that the IJ violated his due process rights by disregarding his testimony about his aunt and his former friend Ruiz, but the record does not support this claim. The IJ questioned Garcia-Gregorio about both his aunt and Ruiz. Although the IJ did not explicitly mention either in his order or concluding statements at the hearing, that does not mean the IJ failed to consider

the testimony. The IJ found that "[t]he evidence does not indicate that the harm rose to a level sufficient to be considered persecution or torture. Further the motive for the robberies was monetary gain, thus he has not demonstrated a nexus to a protected ground." *See Rodriguez-Jimenez v. Garland*, 20 F.4th 434, 435 (9th Cir. 2021), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc) ("[T]he agency need not provide a detailed explanation of every argument or piece of evidence in its decision.").

Moreover, "[a] due process violation occurs where '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (quoting *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). None of Garcia-Gregorio's testimony about his aunt or Ruiz demonstrated that he was persecuted or tortured, so he has failed to demonstrate prejudice.

**PETITION DENIED.**