NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 25 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CUAUHTEMOC OSORIO-GONZALEZ, | No. 23-15 |
| Petitioner, | Agency No. A205-529-734 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 9, 2024
Pasadena, California

Before: GRABER, N.R. SMITH, and NGUYEN, Circuit Judges.

Cuauhtemoc Osorio-Gonzalez ("Osorio-Gonzalez"), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of his appeal of an Immigration Judge's ("IJ") denial of his applications

for asylum, withholding of removal, and protection under the Convention Against

Torture. He argues that his right to due process was violated, and that the IJ lacked

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

When "the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). Claims of due process violations in deportation proceedings are reviewed de novo. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). Legal questions are reviewed de novo and factual findings are reviewed for substantial evidence. *Gonzalez-Rivera v. INS*, 22 F.3d 1441, 1444 (9th Cir. 1994).

1. Osorio-Gonzalez did not suffer a due process violation because his proceedings were not fundamentally unfair. *See Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) ("A due process violation occurs where '(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice.'" (citation omitted)). Osorio-Gonzalez speaks the National Valley dialect of Chinanteco, and no interpreter in that language was available during his proceedings. While "competent translation is fundamental to a full and fair hearing," *Perez-Lastor v. INS*, 208 F.3d 773, 778 (9th Cir. 2000), Osorio-Gonzalez completed six years of school exclusively in Spanish, speaks to his coworkers

2

mostly in Spanish, and has a common-law wife with whom he communicates in Spanish. Osorio-Gonzalez had access to Spanish-English interpretation at his proceedings, and the IJ offered to proceed in Spanish with the safeguards suggested in *Matter of M-A-M-*, 25 I. & N. Dec. 474, 483 (BIA 2011). Osorio-Gonzalez did not testify. Because Osorio-Gonzalez did not show that his proceedings were not "translated into a language [he] understands," *Perez-Lastor*, 208 F.3d at 778, he did not establish that his proceedings were fundamentally unfair.

2. The IJ had jurisdiction over Osorio-Gonzalez's proceedings because, although his Notice to Appear ("NTA") was missing time, date, and place information, the subsequent Notices of Hearing provided this information. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1193 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023) (reference to "jurisdiction" in 8 C.F.R. § 1003.14(a) is "colloquial" and does not implicate "the court's fundamental power to act").[1]

**PETITION DENIED.**

---

[1] Although the BIA also found that the missing information in the NTA did not constitute a claim-processing violation, we do not reach that issue because Osorio-Gonzalez did not "specifically and distinctly" raise it in his opening brief. *United States v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992).