# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

EDGAR LACSINA PANGILINAN,
                    *Petitioner,*

         v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 07-73603

Agency No.
A044-207-910

EDGAR LACSINA PANGILINAN,
                    *Petitioner,*

         v.

ERIC H. HOLDER Jr., Attorney
General,
                    *Respondent.*

No. 08-71274

Agency No.
A044-207-910

ORDER

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued and Submitted
April 13, 2009—San Francisco, California

Filed June 1, 2009

Before: Stephen Reinhardt, John T. Noonan and
M. Margaret McKeown, Circuit Judges.

_____

## COUNSEL

Leon Fresco, Lydia Edwards, Christopher Nugent, Miami,
Florida, for the petitioner.

6451

Gregory G. Catsas, Daniel E. Goldman, Jem C. Sponzo, Washington, D.C. for the respondent.

## ORDER

Edgar Lacsina Pangilinan, a native and citizen of the Philippines, petitions for review of two decisions of the Board of Immigration Appeals ("BIA"): one affirming an immigration judge's ("IJ") denial of an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), and another denying a motion to reopen.

Although not subject to the full range of constitutional protections, immigration proceedings must conform to the Fifth Amendment's due process requirement. *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005). A due process violation occurs where "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620-21 (9th Cir. 2006) (internal quotation marks and citations omitted). "Because aliens appearing pro se often lack the legal knowledge to navigate their way successfully through the morass of immigration law, and because their failure to do so successfully might result in their expulsion from this country, it is critical that the IJ 'scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.' " *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002) (quoting *Jacinto v. INS*, 208 F.3d 725, 728 (9th Cir. 2000)). An IJ cannot correct his failure to probe more deeply by simply asking the alien whether he has "anything to add in support of his claim." *Colmenar v. INS*, 210 F.3d 967, 972 (9th Cir. 2000). The IJ's obligation is founded on his statutory duty to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses." 8 U.S.C.A. § 1229a(b)(1).

Here, the immigration judge, who went to some length to ensure the fairness of the preliminary proceedings, inexplicably delegated his duties to develop this unrepresented petitioner's case to the attorney for the government. The result was to impose an unfair conflict of interest on the government and prejudicially to deprive petitioner of development of the record.

Accordingly, we GRANT the petition and REMAND for a new hearing before the immigration judge.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON REUTERS/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2009 Thomson Reuters/West.