Lyudmyla Mikhailovna
POLINKEVYCH; et
al., Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 08–71035.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 13, 2009.

Elena E. Tsiprin, Law Offices of Elena E. Tsiprin, Bellevue, WA, for Petitioners.

Surell Brady, Esquire, Trial, Terri Jane Scadron, Assistant Director, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Esquire, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, for Respondent.

Before: D.W. NELSON, SILVERMAN, and IKUTA, Circuit Judges.

## MEMORANDUM **

Lyudmyla, Andriy, Ruvin and Roman Polinkevych petition this court for review of the Board of Immigration Appeals's decision dismissing their due process challenges to the IJ's denial of their applications for asylum, withholding of removal, and CAT relief. We review de novo constitutional due process challenges to immigration decisions. *Cinapian v. Holder,* 567 F.3d 1067, 1073 (9th Cir.2009).

Unlike the petitioner in *Andriasian v. INS,* 180 F.3d 1033, 1041 (9th Cir.1999), the Polinkevychs were given adequate notice that they may be removed to Ukraine.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Moreover, when the IJ designated Ukraine as the country of removal, the Polinkevychs' counsel did not object or ask for an opportunity to present additional evidence.

The IJ provided the Polinkevychs with a reasonable opportunity to present their evidence. *See Kaur v. Ashcroft,* 388 F.3d 734, 737 (9th Cir.2004). To the extent an IJ owes an immigrant represented by counsel a duty to develop the record, the IJ in this case adequately developed the record. The government's counsel is not responsible for developing the record on an immigrant's behalf because that duty would create a conflict of interest. *See Lacsina Pangilinan v. Holder,* 568 F.3d 708, 709–10 (9th Cir.2009). The Polinkevychs' argument that their counsel failed to develop the record is undercut by their express disclaimer of an ineffective assistance claim.

**DENIED.**