**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDGAR EMILIO ANGARITA-SOLORZANO, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 14-71391 Agency No. A070-947-011 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 5, 2016
Pasadena, California

Before: FARRIS, TYMKOVICH[**], and M. SMITH, Circuit Judges.

Edgar Angarita-Solorzano (also known as Soled), a native and citizen of

Columbia, petitions for review of the Board of Immigration Appeals' dismissal of

her appeal from the immigration judge's denial of her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Timothy M. Tymkovich, Chief Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture. We deny the petition.[1]

The IJ did not abuse his discretion in determining that Angarita's conviction under California Vehicle Code § 2800.3(a) was for a particularly serious crime. *See Anaya-Ortiz v. Holder*, 594 F.3d 673, 678-79 (9th Cir. 2010). The IJ was entitled to rely on both Angarita's credible testimony and the contents of the arrest report, which are materially consistent. *Id.*; *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1078 (9th Cir. 2015). That Angarita's offense did not involve the intentional use of force does not preclude the agency from adjudicating it a particularly serious crime. *See Delgado v. Holder*, 648 F.3d 1095, 1106-07 (9th Cir. 2011) (en banc).

Nor was Angarita deprived of the full and fair hearing guaranteed to her by the Fifth Amendment's Due Process Clause. The IJ took sufficient care to elicit relevant testimony from Angarita and to ensure that she understood the proceedings as they unfolded. Contrary to Angarita's argument on appeal, the record in no way demonstrates that Angarita was confused, misled, or obstructed by the manner in which the IJ conducted her hearing. *See, e.g.*, *Oshodi v. Holder*,

---

[1] We grant the outstanding motions to become amicus curiae. Dkt. Nos. 28, 31.

2

729 F.3d 883, 887 (9th Cir. 2013); *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709-710 (9th Cir. 2009); *Kaur v. Ashcroft*, 388 F.3d 734, 737 (9th Cir. 2004). We cannot say that Angarita was prevented from reasonably presenting her case. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

The record also does not compel a finding that Angarita will more likely than not be tortured if returned to Columbia. *See Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011). Angarita bears the burden to prove the likelihood of future torture. 8 C.F.R. § 1208.17(a); *Maldonado v. Lynch*, 786 F.3d 1155, 1163-64 (9th Cir. 2015) (en banc). The IJ reasoned that the passage of time and the intervening death of Angarita's revolutionary father militated against a finding that it was more likely than not that Angarita would be tortured if returned to Columbia. We cannot say the record compels a different conclusion. *See Konou v. Holder*, 750 F.3d 1120, 1126 (9th Cir. 2014).

**DENIED.**