NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KADEA ESSO SOLITOKI, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   14-73430 <br><br> Agency No. A078-438-284 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2017[**]
Pasadena, California

Before:  M. SMITH, MURGUIA, and NGUYEN, Circuit Judges.

Kadea Esso Solitoki, a citizen of Togo, petitions for review of the Board of

Immigration Appeals' ("BIA") decision dismissing his appeal of the Immigration

Judge's ("IJ") decision finding him (1) removable under

8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien not in possession of a valid, unexpired

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

visa; and (2) ineligible for special-rule cancellation of removal under the Violence Against Women Act ("VAWA"), 8 U.S.C. § 1229b(b)(2), as an alien who has been "battered or subjected to extreme cruelty" by his spouse. We have jurisdiction to review the BIA's final order of removal and denial of § 1229b(b)(2) relief under 8 U.S.C. § 1252. *See Hernandez v. Ashcroft*, 345 F.3d 824, 835 (9th Cir. 2003). We review *de novo* the BIA's legal determinations. *Kyon Ho Shin v. Holder*, 607 F.3d 1213, 1216 (9th Cir. 2010). Questions of fact, including the BIA's decision that Solitoki was not subjected to extreme cruelty, are reviewed for substantial evidence. *See Hernandez*, 345 F.3d at 832, 837.

1. The IJ did not err in permitting DHS to amend the charge of removability during the final merits hearing of Solitoki's removal proceedings. Under DHS regulations, DHS may lodge additional or substituted charges of removability at any time during removal proceedings, 8 C.F.R. § 1003.30, and Solitoki cites no authority to support his claim that the IJ's questioning was otherwise improper. *See Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) ("[I]t is critical that the IJ scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.") (citation and internal quotation marks omitted). As Solitoki does not otherwise challenge the merits of the IJ's finding that he is removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I), we will deny the petition on this ground.

2. Substantial evidence supports the BIA's conclusion that Solitoki failed to

show that he had been subjected to extreme cruelty for the purposes of 8 U.S.C. § 1229b(b)(2). Solitoki's ex-wife left her daughter alone with Solitoki for long periods of time, used drugs, mocked Solitoki in public and private, threatened to withdraw her support for his lawful permanent resident application, spent his money, and destroyed his credit. Taken together, these actions do not constitute the type of extreme emotional abuse or manipulative control tactics that would compel a finding of "extreme cruelty." *See Hernandez*, 345 F.3d at 840 (distinguishing the "extreme concept of domestic violence" from "mere unkindness"). Accordingly, the BIA did not err in concluding that Solitoki did not qualify for cancellation of removal under 8 U.S.C. § 1229b(b)(2).

**PETITION DENIED.**