**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LOPEZ-GALICIA, AKA Jose Luis Lopez,<br><br>        Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   15-71264<br><br>Agency No. A200-878-214<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 8, 2018
Portland, Oregon

Before: RAWLINSON and NGUYEN, Circuit Judges, and GARBIS,** District Judge.

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation. Prior to his retirement, Judge Garbis fully participated in this case and formally concurred in this disposition after deliberations were complete.

Jose Lopez-Galicia petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying Lopez-Galicia's application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review factual findings under the deferential substantial evidence standard. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We review de novo the BIA's interpretation of Lopez-Galicia's statute of conviction. *Latter-Singh v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012). However, we afford deference to the BIA's conclusion regarding whether the statute of conviction categorically criminalizes turpitudinous conduct. *Id.* at 1159-60. Because the BIA's decision in this case is neither precedential nor based on controlling precedent, we "defer to the BIA's determination only to the extent that it has the power to persuade (i.e. *Skidmore* deference)." *Id.* at 1160.

1. The BIA reasonably determined that a conviction for reckless endangerment in violation of Oregon Revised Statute § 163.195 is categorically a crime involving moral turpitude. Section 163.195 provides that "[a] person commits the crime of recklessly endangering another person if the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." We have previously affirmed the BIA's conclusion that reckless conduct that places another person in substantial risk of imminent death is

2

categorically a crime involving moral turpitude.  *See Leal v. Holder*, 771 F.3d

1140, 1148–49 (9th Cir. 2014).  Section 163.195 requires the same culpable mental

state, and although the requisite harm may not be as severe as a substantial risk of

imminent death, the BIA reasonably determined that reckless conduct that creates a

substantial risk of serious physical injury is similarly reprehensible.

2.  The IJ did not violate Lopez-Galicia's due process rights by failing to

conduct a full evidentiary hearing.  "A due process violation occurs where (1) the

proceeding was so fundamentally unfair that the alien was prevented from

reasonably presenting his case, and (2) the alien demonstrates prejudice, which

means that the outcome of the proceeding may have been affected by the alleged

violation."  *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)

(internal quotation marks omitted).  Because Lopez-Galicia's conviction on two

counts of reckless endangerment renders him statutorily ineligible for cancellation

of removal, the opportunity to put on evidence of hardship at a full evidentiary

hearing would have been futile.[1]

---

[1] The IJ ruled that Lopez-Galicia had been convicted of three crimes involving moral turpitude—identity theft and two counts of reckless endangerment.  On appeal to the BIA, Lopez-Galicia did not argue that he is eligible for cancellation of removal even if reckless endangerment were a crime involving moral turpitude.  Accordingly, any such claim is unexhausted, and we lack jurisdiction to review it.  *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

3.  In light of the impact of our ruling on reckless endangerment, we need not address Lopez-Galicia's conviction for identity theft or his contention that the petty offense exception applies.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW DENIED.**

4