**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESMERALDA MARTINEZ LEMOS; et al., | No. 18-72857 |
| Petitioners, | Agency Nos. A206-372-167 |
| v. | A206-372-166 |
| | A206-372-168 |
| WILLIAM P. BARR, Attorney General, | A206-372-169 |
| | A206-372-170 |
| Respondent. | A206-372-171 |
| | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020**
Seattle, Washington

Before: CLIFTON, D.M. FISHER,*** and M. SMITH, Circuit Judges.

Petitioners Esmeralda Martinez Lemos and her five children seek review of

the Board of Immigration Appeals' (BIA) denial of their applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We deny the petition.

Petitioners argue that the agency violated their right to due process because the Immigration Judge (IJ) and BIA used the phrase "anti-gang political opinion," while their political opinion is actually one of "neutrality" in the feud between the Knights Templar and the Self-Defense Groups. The BIA violates due process if "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting h[er] case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).

Petitioners were not prevented from reasonably presenting their case. The IJ directly considered the political neutrality argument, saying, "I saw your [neutrality] arguments, they're here. But . . . what [Petitioners] believed in politically, . . . is just completely unrelated to anything." The IJ further stated that he was "trying to probe if there were some other issues involved." Having found none, he concluded there was no evidence suggesting that the Knights Templar were motivated by Petitioners' "anti-gang" beliefs. The BIA affirmed on the same

basis. Regardless of terminology, the agency did not prevent Petitioners from reasonably presenting their argument.

Even if Petitioners were prevented from reasonably presenting their case, they have not demonstrated prejudice. An asylum seeker claiming past or future persecution on account of a political opinion must establish, among other things, that her persecutors know of her political opinion (or impute it to her) and that her political opinion causes the persecution. *Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir. 1997). No evidence suggests that the Knights Templar knew of Madrigal's political opinion and acted on account of it when they demanded money and kidnapped him. Contrary to Petitioners' assertion, *Gonzales-Neyra v. INS*, 122 F.3d 1293 (9th Cir. 1997), does not support their claim. In that case, the applicant "expressed [his political opinion] to his persecutors, and . . . they threatened him only [afterwards]." *Id.* at 1296. Evidence that Petitioners and Madrigal were not involved with, refused to help, or were afraid of both groups, does not suffice to demonstrate that the Knights Templar knew of and acted on account of their neutral political opinion.

Petitioners confuse the law regarding their family membership claim. They needed to show that the Knights Templar targeted them on account of their familial relationship with Madrigal, *Rios v. Lynch*, 807 F.3d 1123, 1128 (9th Cir. 2015), a

ground of persecution distinct from whether the Knights Templar targeted Madrigal on account of his political opinion. However, substantial evidence supports the agency's conclusion that the Knights Templar shouted threats at Petitioners to get on the ground only because they were bystanders to the kidnapping, and that the Knights Templar kidnapped Madrigal only to extort Madrigal himself, not to persecute his family.

Finally, the BIA and IJ adequately evaluated Petitioners' CAT claim. The BIA agreed with the IJ's two-paragraph analysis, concluding that Petitioners did not show they were more likely than not to be tortured by or with the acquiescence of a government official. Petitioners point to no record evidence that would compel a different finding.

**PETITION DENIED.**