NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 24 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRIGORII DURALEV,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>　　　　　　　Respondent. | No.　19-71703<br><br>Agency No. A208-814-399<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2021**
Pasadena, California

Before: OWENS and R. NELSON, Circuit Judges, and HELLERSTEIN,***
District Judge.

Grigorii Duralev, a native and citizen of Russia, petitions pro se for review

of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　***　　The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

Judge's ("IJ") order denying his applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT"). We deny the petition.

1. "An applicant is ineligible for asylum and withholding if there are 'serious reasons' to believe that he 'committed a serious nonpolitical crime' outside the United States prior to his arrival." *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019) (citing 8 U.S.C. §§ 1158(b)(2)(A)(iii), 1231(b)(3)(B)(iii)); *see also* 8 C.F.R. § 1208.16(d)(2). We have interpreted the "serious reasons" standard as "tantamount to probable cause." *Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011) (citation omitted). Probable cause exists when there is a "fair probability" that the defendant was involved in the crime. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1189 (9th Cir. 2016) (citation omitted). The Russian arrest warrant and the Interpol Red Notice, containing detailed factual allegations, are sufficient to establish the requisite probable cause. *See Villalobos Sura v. Garland*, No. 20-71839, 2021 WL 3627251, at *4–5 (9th Cir. Aug. 17, 2021).

Nor can Duralev meet his burden of showing by a preponderance of the evidence that there are not serious reasons to believe he committed the crime. *See* 8 C.F.R. § 1208.16(d)(2). He provides several news sources reporting that the Russian government brings false charges against political opponents and abuses Red Notices. A letter from his Russian attorney also outlines how Duralev was

allegedly framed for fraud. But Duralev does not dispute that he was the subject of an investigation for fraud. The thorough investigation presented in the extensive record shows that Duralev was provided numerous opportunities to assert his innocence. Moreover, Duralev does not proffer sufficient evidence that the Russian government was either misusing the Red Notice process in this instance or that it was targeting him based on his politics. Consequently, his evidence does not compel this court to find a lack of probable cause. *See Silva-Pereira*, 827 F.3d at 1184, 1189.

2.      Duralev is not entitled to deferral of removal under CAT because "[s]ubstantial evidence supports the BIA's finding that it is not more likely than not that [he] will be tortured" by or with the consent or acquiescence of the Russian government. *Del Cid Marroquin v. Lynch*, 823 F.3d 933, 937 (9th Cir. 2016) (per curiam). He did not challenge the IJ's finding that he failed to establish past torture, "the principal factor" in determining the likelihood of future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010). The record also shows that he entered and departed Russia several times during the investigation, and "[i]t is well established in this court that an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution." *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008). And the future torture standard under CAT is "narrower than the asylum standard."

*Khup v. Ashcroft*, 376 F.3d 898, 906 (9th Cir. 2004). Taken together, substantial evidence supports the BIA's decision that Duralev has not established a likelihood of future torture.

3.     Duralev alleges six errors in his agency proceedings, but he fails to demonstrate these errors are both supported by the record and prejudicial. *See Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709–10 (9th Cir. 2009).

First, Duralev argues that the IJ did not apply the same critical eye to the Russian-to-English translations produced by the government as he did to Duralev's translations. Second, he contends that the IJ's failure to reject government documents using the "wrong spelling initials" in Duralev's last name shows bias. But he did not object to the admission of these documents.

Third, he highlights the time allotted to the government compared to the time allotted to him during different portions of the hearing to show unfairness. But he cannot show prejudice, because he concedes that extra time would not have changed the IJ's decision.

Fourth, Duralev notes the IJ and the BIA referred to the amount of money involved in the fraud charge as equivalent to $20 million instead of $2 million. Likewise, for the fifth alleged error, he highlights that the agency said he was charged with fraud and embezzlement instead of just fraud. But these facts were not relied upon in determining that the alleged crime was a serious nonpolitical

4

crime.  Duralev does not otherwise show these errors prejudiced him.

Sixth, Duralev contends he should have been able to further develop his account of a threat from the Russian mafia.  But he had confirmed that his declaration was a "complete account" of his fears.[1]

4.      Duralev raises two additional issues for the first time: (1) whether the IJ applied the proper standard of proof, and (2) whether he was removable for overstaying his visa given that his receipt for his asylum application stated that he was permitted to remain in the United States pending disposition of his application. However, because Duralev failed to raise these arguments to the BIA, they have not been preserved and are not properly before this court.

**PETITION DENIED.**

---

[1] Duralev faults the IJ and the BIA for failing to credit his testimony despite the absence of an express adverse credibility determination.  But failure to make an adverse credibility determination does not mean his testimony is per se credible. *See Garland v. Dai*, 141 S. Ct. 1669, 1677, 1681 (2021).