NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO CORTES MUNGUIA, | No.   19-71234 |
| Petitioner, | Agency No. A200-149-734 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]
Seattle, Washington

Before:  BOGGS,[***] HURWITZ, and KOH, Circuit Judges.

Gerardo Cortes Munguia, a native and citizen of Mexico, seeks review of a

decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

an order of an Immigration Judge ("IJ") denying cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(b)(2) and deny the petition for review.

1. "The INA expressly requires individuals seeking relief from lawful removal orders to prove all aspects of their eligibility," including that "they do not stand convicted of a disqualifying criminal offense." *Pereida v. Wilkinson*, 141 S. Ct. 754, 758 (2021). Under 8 U.S.C. § 1229b(b)(1)(C), an alien who has been convicted of certain specified offenses is ineligible for cancellation of removal. Among those offenses is a "crime of domestic violence," as defined by 8 U.S.C. § 1227(a)(2)(E)(i). *See id.* § 1229b(b)(1)(C). Munguia stated in his IJ hearing that he pleaded guilty to committing domestic violence on two occasions, in 2004 and 2011. He also indicated on his application for cancellation of removal that he had been convicted of interfering with a report of domestic violence. But, despite repeated requests by the IJ over nearly eight years of proceedings, Munguia failed to provide any documentation regarding those convictions. He cannot now rely on the "ambiguity" of his criminal record to suggest that "no one can be sure whether his crime[s]" make him ineligible for relief. *Pereida*, 141 S. Ct. at 758. Because Munguia did not establish that he had not been convicted of a disqualifying offense under 8 U.S.C § 1227(a)(2), the agency correctly found him ineligible for cancellation of removal. *See id.* at 765–67.

2. Munguia's argument that he was denied due process in the agency

proceedings also fails. An agency decision denies due process "if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case," *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (cleaned up), and that this unfairness "affected the outcome," *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). Munguia was repeatedly made aware of the need to provide a record of his convictions to establish eligibility for discretionary relief. The BIA remanded Munguia's case to "assess the impact, if any, of intervening caselaw on [Munguia's] eligibility for cancellation of removal for nonpermanent residents given his criminal history, and to allow the parties an opportunity to supplement the record." But, when questioned by the IJ on remand about the conviction documents, Munguia failed to provide them. Nor did he proffer any such records on appeal; the BIA therefore correctly concluded Munguia had not established that he was prejudiced by any flaw in the proceedings because he did not demonstrate *prima facie* eligibility for relief. *See Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (explaining that a due process violation requires a showing that "the outcome of the proceeding may have been affected by the alleged violation") (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).

**PETITION DENIED.**