**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENS DEL MILAGRO ORTIZ-INFANTE; MATIAS MANUEL LAZO-ORTIZ; VALENTINA DEL MILAGRO LAZO-ORTIZ; RUTHAMARIA JAMILE LAZO-ORTIZ; RUTH MARIANA OCHOA-LAZO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3817 <br><br> Agency Nos. <br> A220-592-029 <br> A220-490-482 <br> A220-490-483 <br> A220-490-481 <br> A220-490-484 <br><br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2024[**]
San Francisco, California

Before: M. SMITH and BUMATAY, Circuit Judges, and WU, District Judge[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Lead Petitioner[1] Lorens Del Milagro Ortiz-Infante (the "Petitioner"), a native and citizen of Peru, seeks review of a Board of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal.[2] Petitioner fears that, should she be removed to Peru, she will be persecuted by her neighbor, Luis Alberto Canduvi Fiestas ("Fiestas"), and his family. Petitioner provided evidence found to be credible by the IJ that Fiestas and his family during one period between 2005 to 2008 threw water on her house and insulted Petitioner and her family due to her religious activities, and during another period in 2020 threatened her and her family between 15 and 20 times after she reported Fiestas to the police for exposing himself to her daughter. Also, Petitioner (who appeared pro se at the removal/asylum hearing) asserted that the IJ violated her due process rights by failing to advise her of certain procedural rights and by failing to adequately develop the record.

---

[1] The Petitioners are the lead Petitioner (A220-592-029), her three minor children (A220-490-481, A220-490-482, A220-490-483), and her grandchild (A220-490-484). The three minor children seek asylum as derivative beneficiaries of the lead Petitioner. The grandchild (A220-490-484) seeks asylum as a derivative of her mother (A220-490-481).

[2] Petitioner did not appeal the IJ's denial of her request for protection under the Convention Against Torture ("CAT") to the BIA. The Petitioners' opening brief does not address that waiver nor does it make any specific arguments concerning the CAT. The issue of CAT protection is not properly before this Court as it was not exhausted before the BIA nor meaningfully addressed in Petitioners' opening brief. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023).

This Court, which has jurisdiction to review the BIA's decision pursuant to 8 U.S.C. § 1252(a), reviews due process challenges *de novo* (*see Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022)), and the denial of withholding of removal for substantial evidence (*see Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). Here, the IJ did not violate Petitioner's due process rights, and the BIA's findings that Petitioner failed to establish her eligibility for asylum and withholding of removal are supported by substantial evidence. We therefore deny her petition for review.

1. The IJ did not violate Petitioner's due process rights. In order to succeed on a due process claim, Petitioner bears the burden of establishing both that "the proceeding was so fundamentally unfair that [she] was prevented from reasonably presenting [her] case" and that "the outcome of the proceeding may have been affected by the alleged violation." *See Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009). She has established neither. Prior to the October 26, 2022 hearing, various IJs had: (1) continued the hearing at Petitioner's request in order to allow her to prepare her case and attempt to seek counsel; (2) fully advised Petitioner of her rights including the opportunity to present her own evidence such as documents and testimony from witnesses and the right to question the government's witnesses and evidence; (3) inquired as to whether she understood her rights, to which she answered "yes" and also asked her if she had any questions, to which she

3

said "no;" and (4) made sure that Petitioner's paperwork was in order. At the October 26, 2022 hearing, the IJ: (1) asked Petitioner if she was ready to proceed pro se (to which she answered "yes"), (2) did not act in a way that prevented meaningful testimony from being heard or evidence being submitted, and (3) asked open-ended and clarifying questions to fully develop the record. *See Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021); *Oshodi v. Holder*, 729 F.3d 883, 890 (9th Cir. 2013). There is no evidence that he did not act as a neutral arbiter.

Additionally, Petitioner has identified no specific relevant fact(s) or evidence that she wanted to submit during the final removal hearing (and was prevented from doing so) or that the IJ failed to consider. Thus, she has not established prejudice and, consequently, any due process violation. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020).

2. Substantial evidence supports the BIA's determination that Petitioner failed to establish her eligibility for asylum and withholding of removal. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). The facts presented by the Petitioner do not compel the conclusion that Petitioner was persecuted in the past, would be in the future, or that the Peruvian government was unwilling or unable to protect her from her alleged persecutors. "Simply stated, 'not all negative treatment equates with persecution.'" *Sharma v. Garland*, 9 F.4th 1052, 1060-61 (9th Cir. 2021) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004)). The two

4

situations raised by Petitioner – (1) having one's house doused with water and being insulted for religious activities and (2) being threatened 15 to 20 times after reporting to the police a neighbor's flashing his genitals to her daughter – may qualify as "condemnable mistreatment" or harassment, but do not rise to the level of persecution. *Id.* at 1060. This is especially so where the first state of affairs only lasted between 2005 to 2008 and the Petitioner remained at the residence for another 13 years thereafter. As to the second situation, all of the threats were merely verbal and never escalated into violence (or even any attempted violence) or resulted in any physical harm. Furthermore, the Peruvian police immediately arrested Fiestas upon her report,[3] and Petitioner did not present any objective evidence either that she followed up with the police or that she had any reason to believe that further contact with the police would be futile. Thus, she has failed to show that the alleged persecution was committed by the government or forces that the government was unable or unwilling to control. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010).

**PETITION DENIED.**

---

[3] Fiestas was released about a week after his arrest, allegedly due to bribery, but potentially due to bail payment or a lack of evidence.