NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 6 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

TOMAS SANCHEZ-BENITEZ,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2629

Agency No.
A213-014-983

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission Deferred March 19, 2025[**]
Submitted June 6, 2025

Before: BOGGS,[***] FRIEDLAND, and BRESS, Circuit Judges.

Tomas Sanchez-Benitez, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an

Immigration Judge (IJ) order denying his applications for cancellation of removal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

and voluntary departure. When the BIA, as here, references the IJ's decision, we consider both decisions. *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Sanchez-Benitez first argues that the IJ violated his due-process rights. We review such a claim of legal error de novo. *See Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). In immigration proceedings, "[a] due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting [his] case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).

Sanchez-Benitez cannot demonstrate prejudice based on either of his alleged due-process violations. First, no prejudice occurred as a result of the IJ's denial of Sanchez-Benitez's request for his 4-year-old son to present his physical scars to the IJ, as part of showing his son's skin condition. Setting aside whether it would be proper to introduce evidence of a medical condition in this manner, the IJ noted the scars for the record. Second, Sanchez-Benitez was not prejudiced by the IJ's denial of his request for his 12-year-old daughter to testify. Although the IJ did not allow his daughter to testify, the IJ invited Sanchez-Benitez to make a proffer as to her testimony. But Sanchez-Benitez did not make a proffer. And nothing in the record

or Sanchez-Benitez's briefing to our court suggests that "the outcome of the proceeding may have been affected" by his daughter's testimony. *Id.* (quoting *Lacsina Pangilinan*, 568 F.3d at 709).

2.   Substantial evidence supports the agency's conclusion that Sanchez-Benitez's qualifying relatives, his four United States citizen children, would not experience "exceptional and extremely unusual hardship" upon his removal from the United States, and therefore that Sanchez-Benitez is ineligible for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D). Although we lack jurisdiction to review the agency's ultimate discretionary decision whether to grant cancellation of removal or any underlying findings of fact, we have jurisdiction to review the agency's hardship determination as a mixed question of law and fact under 8 U.S.C. § 1252(a)(2)(D). *See Wilkinson v. Garland*, 601 U.S. 209, 212, 225 & n.4 (2024); *Gonzalez-Juarez v. Bondi*, ---F.4th---, 2025 WL 1440220, at *3 & n.2 (9th Cir. May 20, 2025).

To demonstrate the required hardship, an alien must show hardship "that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members [in the United States]." *Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at *8 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001)). In making this determination, the agency "evaluates 'the ages, health, and circumstances' of qualifying relatives." *Id.* (quoting *Monreal-Aguinaga*, 23 I. & N. Dec. at 63). We review the agency's

hardship determination for substantial evidence. *See id.* at \*7. "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

In this case, substantial evidence supports the agency's determination that Sanchez-Benitez did not demonstrate the required hardship for purposes of cancellation of removal. The agency considered the hardship to Sanchez-Benitez's four children, explaining that none had "any learning disabilities, mental health disabilities, or significant medical problems." Further, the BIA determined that all four children would remain with their mother in the United States upon Sanchez-Benitez's removal to Mexico, and that Sanchez-Benitez could continue to support the family financially from Mexico. Given all of these circumstances, substantial evidence supports the agency's conclusion that Sanchez-Benitez's qualifying relatives would not experience exceptional and extremely unusual hardship if Sanchez-Benitez is removed from the United States. *See Gonzalez-Juarez*, ---F.4th---, 2025 WL 1440220, at \*9 ("[T]he hardship determination requires hardship that deviates, in the extreme, from the hardship that ordinarily occurs in removal cases.").

3. We reject Sanchez-Benitez's challenge to the denial of voluntary departure. "Voluntary departure is a form of relief that permits certain noncitizens to voluntarily leave the United States at their own expense in lieu of removal." *United States v. Valdivias-Soto*, 112 F.4th 713, 727 n.9 (9th Cir. 2024). To the extent

Sanchez-Benitez challenges the weight the agency gave to its conclusion that he refused to accept responsibility for his actions concerning his misdemeanor convictions, we lack jurisdiction "to reweigh the agency's exercise of discretion in denying voluntary departure." *Zamorano v. Garland*, 2 F.4th 1213, 1221 (9th Cir. 2021). Sanchez-Benitez's speculation that a "mistranslation" or "miscommunication" may "possibly" have occurred is not sufficient to identify any legal error in the denial of relief, which was also validly based on Sanchez-Benitez's unlawful entries into the United States and the agency's concerns about whether Sanchez-Benitez would voluntarily depart the country.

**PETITION DENIED.**