**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 18 2025

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARLEN ROSARIO BAC-COC; E.Z.R.B., a juvenile,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3302

Agency Nos.
A203-576-833
A240-495-055

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2025[**]
San Francisco, California

Before: S.R. THOMAS and KOH, Circuit Judges, and SILVER, District Judge.[***]

Marlen Rosario Bac-Coc and her minor son, natives and citizens of

Guatemala, seek review of the Board of Immigration Appeals' (BIA) decision

dismissing their appeal of an Immigration Judge's (IJ) denial of their applications

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel previously granted the Government's unopposed motion to submit the case without oral argument. *See* Dkt. 36.

[***] The Honorable Roslyn O. Silver, United States District Judge for the District of Arizona, sitting by designation.

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review legal questions de novo, and factual findings for substantial evidence. *Singh v. Garland*, 57 F.4th 643, 651 (9th Cir. 2023). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     Substantial evidence supports the BIA's determination that Bac-Coc failed to establish eligibility for asylum.[1] Bac-Coc was required to show that a protected ground "'was or will be at least one central reason for' [her] persecution." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)). To meet the "one central reason" standard, an applicant must show either (1) "the persecutor would not have harmed the applicant if such motive did not exist and the motive was more than 'incidental' or 'tangential'" or (2) "that motive, if standing alone, would have led the persecutor to harm the applicant." *Corpeno-Romero v. Garland*, 120 F.4th 570, 581 (9th Cir. 2024) (quoting *Manzano*, 104 F.4th at 1207.

The IJ found, and the BIA affirmed, that Juan Boch and his customers'

---

[1] Substantial evidence also supports the denial of withholding of removal because the record does not compel the conclusion that a protected ground would be "a reason" for the persecution she fears. *See Flores-Vega v. Barr*, 932 F.3d 878, 886 (9th Cir. 2019).

persecutory behavior does not "relate[] to a protected ground" because their motives were retaliatory and economic. Substantial evidence supports the finding that Bac-Coc's membership in any of her proposed particular social groups (PSG) of "Guatemalan women" and "Guatemalan women perceived to be sex workers" was not "one central reason" for her persecution. Bac-Coc testified that she believed Boch's motives for his behavior were that he needed money and then wanted to retaliate against her for reporting to the police, and that his customers sought money they believed they were owed. Moreover, most of the harm Boch committed against Bac-Coc appeared to be in response to her police report. The record does not compel the conclusion that Bac-Coc's gender or status as a perceived sex worker were more than "incidental, tangential, superficial, or subordinate to" Boch's and his customers' retaliatory and economic motives. *Corpeno-Romero*, 120 F.4th at 581 (quoting *Manzano*, 104 F.4th at 1207).

2. Substantial evidence also supports the BIA's determination that Bac-Coc failed to establish eligibility for CAT protection. An applicant for CAT protection bears the burden of proving she is more likely than not to be tortured in the country of removal. 8 C.F.R. § 1208.16(c)(2). "Torture is 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence

of a public official[.]'" *Sharma v. Garland*, 9 F.4th 1052, 1067 (9th Cir. 2021) (quoting 8 C.F.R. § 208.18(a)(1)).

The IJ found, and the BIA affirmed, based on the totality of the circumstances, that although Bac-Coc experienced persecution in Guatemala, those experiences did not rise to the level of torture, nor was there any likelihood of future torture. Bac-Coc argues the IJ erred by failing to recognize that Boch's customers sought to abduct and rape her. But the record shows that Bac-Coc was never raped or abducted, and the record does not show a non-speculative risk of her being raped or abducted if she returned to Guatemala. Additionally, Bac-Coc testified her mother and brothers remained in Guatemala unharmed and maintained no contact with Boch. The last incident involving Boch and his customers described by Bac-Coc was in 2019, and she left Guatemala in 2021; she did not testify about any ongoing harm or threats of harm in the interim.

3. Neither the IJ nor the BIA violated Bac-Coc's due process rights. An IJ has a statutory obligation (1) to "explain to [a noncitizen] what [she] must prove to establish the basis for the relief [she] seeks" and (2) where the noncitizen is pro se, "to fully develop the record." *Zamorano v. Garland*, 2 F.4th 1213, 1225–26 (9th Cir. 2021). Failure "to discharge these procedural duties" may result in a constitutional due process violation "where '(1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably

presenting [her] case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Id.* at 1226 (quoting *Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).  In considering whether an applicant received due process, "the critical question is whether the IJ's actions prevented the introduction of significant testimony." *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (citation omitted).

Bac-Coc argues the IJ violated her due process rights because the IJ failed to make inquiries during the hearing about the reference to Guatemalan "machista" culture in Bac-Coc's asylum application.  Because "machista," according to Bac-Coc's asylum application, "describes a violent misogynistic culture," Bac-Coc contends the IJ should have asked if Bac-Coc "had been harmed or feared harm because she was a Guatemalan woman."  The IJ's failure to sua sponte probe Bac-Coc regarding "machista" culture does not amount to a constitutional due process deprivation.  *See Zamorano*, 2 F.4th at 1226 (the duty to develop the record does not "transform IJs into attorneys for [noncitizens] appearing pro se in deportation proceedings."  (citation omitted)).

Further, Bac-Coc's argument that the IJ violated her due process rights by not addressing her fear of harm based on family membership is unavailing because Bac-Coc was not prejudiced.  There is no evidence in the record that Bac-Coc was

targeted because of her relationship to her husband. Therefore, even if the IJ cut off her testimony about her husband's harm, this did not "potentially affect[]" the outcome of her proceeding. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1114 (9th Cir. 2021).

The IJ explained to Bac-Coc the removal hearing process and her rights during previous hearings. The IJ also asked Bac-Coc open-ended questions about her past fears in Guatemala and asked follow-up questions where necessary to further elicit testimony from Bac-Coc regarding the men she feared and the motivations behind their actions. Nothing in the record suggests the IJ's actions "prevented the introduction of significant testimony." *Hussain*, 985 F.3d at 642.

**PETITION DENIED.**