NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

NOV 25 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GERSYN NILTON VALERIO
TEMPLADERA I; B. L. H. V. P. I,

        Petitioners,

  v.

PAMELA BONDI, Attorney General,

        Respondent.

No. 24-5914

Agency Nos.
A243-084-093
A243-084-094

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2025[**]
San Jose, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SCHREIER,
District Judge.[***]

Gersyn Nilton Valerio Templadera and his son, natives and citizens of Peru,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, sitting by designation.

affirming the denial by an immigration judge ("IJ") of Valerio Templadera's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). We review factual findings for substantial evidence and "legal and constitutional questions, including alleged due process violations, de novo." *Vilchez v. Holder*, 682 F.3d 1195, 1198-99 (9th Cir. 2012).

1. Substantial evidence supports the BIA's affirmance of the IJ's determination that Valerio Templadera's testimony was not credible. *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (explaining that credibility determinations must "be made on the basis of the 'totality of the circumstances, and all relevant factors'" (quoting 8 U.S.C. § 1158(b)(1)(B)(iii))). The BIA properly concluded that the IJ reasonably relied on omissions and inconsistencies between Valerio Templadera's testimony, his written declarations, and the police report of the 2022 incident. For example, Valerio Templadera testified that his

---

[1] Valerio Templadera's application listed his son as a derivative beneficiary.

attackers in the 2020 incident had a Perú Libre Party logo on their jackets and that a Perú Libre Party symbol was left at the scene of the 2021 incident, but those details were not included in his declarations. Moreover, the contemporaneous police report of the 2022 incident states that Valerio Templadera was attacked for refusing to pay "a monthly quota" based on his sewing business, with no mention that his attackers were motivated by his political activity, as he later testified. The inconsistencies identified by the IJ, contrary to Valerio Templadera's characterization, were central to his claim that he experienced persecution based on his political activity. *See id.* at 1047 ("[W]hen an inconsistency is at the heart of the claim it doubtless is of great weight."). The IJ also properly asked Valerio Templadera to explain the discrepancies and reasonably concluded that he failed adequately to do so. *See Mukulumbutu v. Barr*, 977 F.3d 924, 926-27 (9th Cir. 2020). Lastly, Valerio Templadera's contention that the IJ failed to consider his proffered corroborating evidence is belied by the record.

Putting aside Valerio Templadera's discredited testimony, the remaining evidence does not compel the conclusion that Valerio Templadera is eligible for asylum or withholding of removal because the evidence fails to establish a nexus to a protected ground. *See Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023) ("A nexus between the harm and a protected ground is a necessary element of asylum and withholding of removal."). We therefore deny the petition as to his

asylum and withholding of removal claims.

2. Substantial evidence also supports the BIA's determination that Valerio Templadera is not entitled to relief under CAT. The only evidence Valerio Templadera relies on in his brief, aside from his testimony, is the country conditions evidence. Although "country conditions alone can play a decisive role in granting [CAT] relief," here the evidence does not compel us to conclude that Valerio Templadera met "the high threshold of establishing that it is more likely than not that [he] will be tortured by or with the consent or acquiescence of a public official." *Mukulumbutu*, 977 F.3d at 927 (quotation marks omitted).

3. We reject Valerio Templadera's due process claim. He has not shown that his proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting [his] case." *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). The record reflects that the BIA, relying on the IJ's factual findings, adequately considered all of Valerio Templadera's evidence and "sufficiently announced its decision." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Petition **DENIED**.[2]

---

[2] The temporary stay of removal will remain in place until the mandate issues, and the motion to stay removal, Docket No. 23, is otherwise denied as moot.