**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODOLFO CHAVEZ FERREIRA,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

No. 22-1861

Agency No.
A077-149-292

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2026[**]
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA, District Judge.[***]

Petitioner Rodolfo Chávez Ferreira, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an immigration judge's (IJ's) denial of his application for cancellation

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

of removal.  We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), *see*

*Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1000 (9th Cir. 2025), and deny the

petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both

decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

We review agency decisions applying the exceptional and extremely unusual

hardship standard to a given set of facts for substantial evidence. *Gonzalez-Juarez*,

137 F.4th at 1003.  The substantial evidence standard is a "highly deferential" one.

*Id.* at 1002.  Under this standard, "the administrative findings of fact are conclusive

unless any reasonable adjudicator would be compelled to conclude to the

contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).  "We review legal and

constitutional questions de novo." *Cruz v. Bondi*, 146 F.4th 730, 737 (9th Cir.

2025).

Substantial evidence supports the agency's determination that Petitioner's

qualifying relatives, his two lawful permanent resident parents, would not

experience "exceptional and extremely unusual hardship" upon his removal from

the United States.  *See* 8 U.S.C. § 1229b(b)(1)(D).  To qualify as exceptional and

extremely unusual, "the hardship must be out of the ordinary and exceedingly

uncommon," and "must deviate, in the extreme, from the norm." *Gonzalez-Juarez*,

137 F.4th at 1006.  Here, the BIA found that Petitioner's father is employed full-

time, that Petitioner failed to establish that his removal would deprive his mother of access to adequate medical care, and that Petitioner's parents would continue to receive support from Petitioner's siblings. Based on these findings, a reasonable adjudicator could conclude that while Petitioner's removal would cause his parents to suffer emotional and financial harm, such harm would not rise to the level required to qualify as exceptional and extremely unusual. *See id.* at 1008. Accordingly, the agency did not err in denying Petitioner's application for cancellation of removal.

Petitioner argues that the BIA erred by failing to review the IJ's decision de novo. But the BIA conducted its own review of the evidence in the record and came to an independent conclusion as to whether that evidence rose to the requisite level of hardship. The BIA therefore applied the correct standard of review.

Petitioner also argues that the BIA failed to assess the hardship cumulatively and with a future-oriented lens. This argument, however, is belied by the record. In its decision, the BIA considered the interplay of the various hardships and expressly analyzed the impact Petitioner's removal would have on his parents in the future. Petitioner's arguments to the contrary are unavailing.

Next, Petitioner contends that the BIA improperly engaged in fact-finding when the agency stated that Petitioner had not provided a detailed expense accounting as to why his father's income alone was insufficient to support his

3

parents' needs. But the BIA did not engage in impermissible fact-finding by making this statement. Rather, the BIA permissibly observed the absence of evidence supporting an argument Petitioner made on appeal. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1027 (9th Cir. 2023) ("[O]bserving the absence of evidence is not a factual finding."). For the same reasons, Petitioner's related argument that the BIA imposed a new proof requirement without notice lacks merit.

Finally, Petitioner argues that the BIA violated his due process rights by (1) failing to consider key evidence; and (2) failing to address a properly raised appellate challenge. To prevail on a due process challenge, the petitioner must show that (1) his removal proceedings were "fundamentally unfair," and (2) he suffered prejudice such that "the outcome of the proceeding may have been affected." *Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021) (quoting *Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (per curiam)). Each of Petitioner's arguments fail.

First, the BIA did not neglect to consider relevant evidence. The Ninth Circuit has "long recognized a presumption that the agency reviewed all relevant evidence submitted to it," *Cruz*, 146 F.4th at 739, and Petitioner has not overcome this presumption. The agency discussed Petitioner's parents' medical conditions, the impact Petitioner's removal would have on his mother's health, his parents'

4

ability to pay their bills, his parents' access to medication, and the ways in which Petitioner's siblings would continue to support their parents in Petitioner's absence. Petitioner has not sufficiently demonstrated that key evidence was ignored, nor has he demonstrated that any such evidence is highly probative or potentially dispositive. *Id.* at 739–40; *see also Gonzalez-Juarez*, 137 F.4th at 1008 (explaining that the BIA need not individually identify and discuss every piece of evidence in the record). Second, the BIA squarely addressed Petitioner's argument on appeal that the IJ failed to assess the hardship cumulatively. And, even if the BIA failed to do so, Petitioner has not established that he suffered prejudice as a result. *Zamorano*, 2 F.4th at 1226.

**PETITION DENIED.**[1] [2] [3]

---

[1] Because Petitioner's grant of voluntary departure automatically terminated upon the filing of the instant petition for review, Petitioner is no longer subject to the ten-year bar on eligibility for cancellation of removal. *See* 8 U.S.C. § 1229c(d)(1)(B); 8 C.F.R. § 1240.26(i).

[2] Further, Respondent's motion for leave to withdraw as counsel is granted.

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.