NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODIDN DURAN-MAJANO; JARED EZEQUIEL DURAN-ABARCA; SINDY YAMILETH ABARCA DE DURAN,

Petitioners,

v.

PAMELA BONDI,  Attorney General,

Respondent.

No. 23-4083

Agency Nos.
A220-790-170
A220-790-168
A220-790-169

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025[**]
San Francisco, California

Before: N.R. SMITH and JOHNSTONE, Circuit Judges, and CHRISTENSEN,
District Judge.[***]

Petitioners Rodidn Duran Majano and Sindy Yamileth Abarca de

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Dana L. Christensen, United States District Judge for the District of Montana, sitting by designation.

Duran (husband and wife) (collectively Petitioners), and J.E.D.A. (son), natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals (BIA) affirming without decision an immigration judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[1] When, as here, the BIA affirms the IJ without opinion, "we evaluate the IJ's decision as we would that of the [BIA]." *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004) (internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.  Petitioners may demonstrate past persecution to qualify for asylum or withholding of removal with evidence that "(1) their past treatment in El Salvador rose to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government or by forces that the government was unable or unwilling to control." *Corpeno-Romero v. Garland*, 120 F.4th 570, 577 (9th Cir. 2024). The IJ found that Petitioners failed to establish all these prongs.

Substantial evidence supports the IJ's conclusion that Petitioners did not establish past persecution was on account of a protected ground. Gang members demanded money from Petitioners on two occasions, threatening harm if they did not comply. However, Petitioners did not establish that gang members threatened

---

[1] Each Petitioner filed a separate application.

them on account of any protected status. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Instead, the record demonstrates that gang members targeted Petitioners purely for financial gain.[2]

Substantial evidence also supports the IJ's conclusion that Petitioners did not establish an objective well-founded fear of future persecution. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). There is no evidence that gang members are still looking for Petitioners. Moreover, Petitioners have not established a well-founded fear of future persecution on account of a protected ground, nor have they established that the government of El Salvador would be unwilling or unable to protect them.

2. Substantial evidence supports the IJ's conclusion that Petitioners did not establish eligibility for CAT relief. *See Nuru v. Gonzales*, 404 F.3d 1207, 1215, 1217 (9th Cir. 2005). Petitioners' claims for CAT protection are based on the same facts as their asylum and withholding of removal claims. The IJ permissibly

---

[2] Substantial evidence also supports the IJ's alternative findings that Petitioners did not establish past persecution. However, we need not specifically address the IJ's alternative findings, because failure to establish a nexus to a protected ground is dispositive to their past persecution claim.

concluded that the unrealized threats did not reach the level of torture.[3] *See*

*Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam)

("Petitioners' generalized evidence of violence and crime in [their country of

origin] is not particular to Petitioners and is insufficient to meet [the CAT]

standard."). Moreover, the record supports the IJ's conclusion that Petitioners did

not establish that the government would acquiesce in torture. The IJ explained that

the Salvadoran law prohibits torture and that the government would enforce these

laws, even though they may not be done effectively. Thus, without additional

evidence that the government would acquiesce, the fact that the government is not

effective at controlling gangs does not establish that it would acquiesce in torture.

*See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014).

3. The IJ did not have a duty to develop the record as to J.E.D.A.'s claims.

First, J.E.D.A. did not assert any independent claim for relief outside of his

parents' claims. Thus, these newly raised arguments are forfeited. *See Santos-*

*Zacaria v. Garland*, 598 U.S. 411, 421–24 (2023); *Umana-Escobar v. Garland*, 69

F.4th 544, 550 (9th Cir. 2023) (explaining that exhaustion, though not

jurisdictional, is a mandatory claim-processing rule when the government raises it).

Even if not forfeited, the record demonstrates that J.E.D.A. was represented

---

[3] Petitioners do not challenge this finding in their opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) (holding that issues not raised in opening brief are forfeited).

by counsel throughout the proceedings, eliminating the IJ's obligation to develop the record. *See Reyes-Melendez v. INS*, 342 F.3d 1001, 1008 (9th Cir. 2003); *see also Zamorano v. Garland*, 2 F.4th 1213, 1226 (9th Cir. 2021). Moreover, J.E.D.A. did not establish that "the proceeding was so fundamentally unfair that he was prevented from reasonably presenting his case" and that "the outcome of the proceeding may have been affected by the alleged violation." *See Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009).

**PETITION DENIED.**