NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIA YULISSA REYES ORELLANA,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-6490<br><br>Agency No.<br>A201-419-385<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2025**
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Dania Yulissa Reyes Orellana, a native and citizen of Honduras, petitions for review of a decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from an Immigration Judge ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

We review de novo the BIA's conclusion that the IJ did not violate Reyes Orellana's right to due process in her removal proceeding. *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047 (9th Cir. 2023). Because the BIA adopted the IJ's decision regarding asylum, withholding of removal, and CAT relief, while adding some of its own reasoning, we review both decisions. *Sanchez v. Sessions*, 904 F.3d 643, 649 (9th Cir. 2018). We review the agency's factual findings for substantial evidence. *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022).

1.      We agree with the BIA's conclusion that the IJ did not violate Reyes Orellana's right to due process in her removal proceeding. In the removal proceedings context, "[a] due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)).

The IJ's conduct did not deprive Reyes Orellana of the chance to reasonably present her case. During her hearing, the IJ occasionally interrupted Reyes Orellana's counsel's questioning and made statements that could be construed as skeptical of Reyes Orellana's claims. But the IJ also gave Reyes Orellana's counsel

many opportunities to question her without interruption and to ask follow-up questions following the IJ's questioning. IJs have the express power to "interrogate, examine, and cross-examine" noncitizens. 8 C.F.R. § 1003.10(b). And an IJ does not deprive a noncitizen of due process even if the IJ's examination is harsh, unfriendly, or aggressive. *See Rizo v. Lynch*, 810 F.3d 688, 693 (9th Cir. 2016).

Additionally, Reyes Orellana has not shown that she was prejudiced by the IJ's conduct.

2.      The agency's determinations that Reyes Orellana did not establish eligibility for asylum, withholding of removal, or CAT relief are supported by substantial evidence.[1]

The agency determined that Reyes Orellana failed to establish that the government was unable or unwilling to protect her from future persecution, as required for her asylum and withholding of removal claims. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064-65 (9th Cir. 2020). That determination is supported by substantial evidence because the record shows the government prosecuted Reyes Orellana's would-be persecutors for other acts of violence.

---

[1] We need not reach the Government's argument that Reyes Orellana failed to exhaust administrative remedies with respect to her claims for asylum, withholding of removal, and CAT relief. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023). Exhaustion is not jurisdictional, *id.* at 419, and the petition fails on the merits regardless.

Substantial evidence also supports the agency's determination that Reyes Orellana failed to establish she would more likely than not be tortured with government "consent or acquiescence" if removed, as required for CAT relief. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). There is no evidence that the two men that Reyes Orellana fears have ties to the government or that the government was involved or acquiesced in their prior conduct. Additionally, both men have been prosecuted by the government before. Generalized evidence of government corruption is insufficient to show future government acquiescence. *See, e.g.*, *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706-07 (9th Cir. 2022).

**PETITION DENIED**.[2]

---

[2] The stay of removal will dissolve upon the issuance of the mandate.