NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELSA GONZALEZ FUENTES; E.A.G.F.; K.G.F.; A.C.G., <br><br> Petitioners, <br><br> v. <br><br> TODD BLANCHE, Acting Attorney General, <br><br> Respondent. | No. 21-70125 <br><br> Agency Nos. A209-008-179 <br> A209-008-180 <br> A209-008-181 <br> A209-008-182 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2026[**]
Seattle, Washington

Before: MURGUIA, Chief Judge, and McKEOWN and KOH, Circuit Judges.

Petitioners Elsa Gonzalez Fuentes and her children, E.A.G.F., K.G.F., and

A.C.G. (collectively, "Petitioners"), citizens of Mexico, petition for review of a

Board of Immigration Appeals ("BIA") decision affirming the immigration judge's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022).

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. To establish eligibility for asylum, Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Petitioners must show "that it is more likely than not" that they will be persecuted if returned to Mexico "because of" their membership in a particular social group or other protected ground. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3). And for both claims, Petitioners "must prove a causal nexus between one of [their] statutorily protected characteristics and

either [their] past harm or [their] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Substantial evidence supports the agency's determination that Petitioners failed to establish a nexus between their alleged persecution and their family-based particular social group, family members of Salvador Cruz Salas (the paternal grandfather of A.C.G.). The agency reasonably concluded that Cruz Salas was not motivated to harm A.C.G. because of their familial relationship, but instead "simply want[ed] to raise his grandson because he [was] sad that his own son [was] missing and presumed dead." Gonzalez Fuentes testified that A.C.G. was Cruz Salas's only grandchild and that Cruz Salas repeatedly asked to take custody of A.C.G. There is no evidence in the record that Cruz Salas threatened to harm A.C.G. or the other Petitioners. The agency reasonably concluded that this was a "personal dispute," rather than persecution based on a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) ("A personal dispute is not, standing alone, tantamount to persecution based on [a protected ground].").

Petitioners' second proposed particular social group is "those who have opposed romantic advances of an armed community defense force member and been threatened as a result thereof." Substantial evidence supports the agency's determination that this proposed group lacks social distinction and therefore is not cognizable. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) (the

BIA's conclusion regarding social distinction is a question of fact reviewed for substantial evidence). Petitioners assert that this group is recognized as distinct in Mexican society because "few have the courage to oppose the threatening advances of an armed self-defense force member." But Petitioners fail to point to any country reports, background reports, or other evidence in the record supporting the conclusion that Mexican society recognizes as a group those who, without more, oppose the romantic advances of an armed community defense member and are threatened as a result thereof. *See Conde Quevedo*, 947 F.3d at 1243.

Because the lack of a nexus to a protected ground is dispositive of Petitioners' asylum and withholding of removal claims, *see Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016), we need not address their arguments regarding internal relocation.

2. Petitioners argue that the BIA denied Petitioners due process because it limited its discussion of CAT relief to a discussion of internal relocation. For a due process violation to have occurred: (1) the proceeding must have been "so fundamentally unfair" that Petitioners were prevented from reasonably presenting their case; and (2) Petitioners must show prejudice, "which means that the outcome of the proceeding may have been affected by the alleged violation." *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009) (per curiam) (quoting *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006)). The BIA did not

4

ignore Petitioners' CAT claim, *see Antonyan v. Holder*, 642 F.3d 1250, 1257 (9th Cir. 2011), but agreed with the IJ's analysis as to one factor (internal relocation) and found no error in the IJ's decision on CAT generally. Moreover, the evidence in the record does not compel the conclusion that Petitioners more likely than not will be tortured in Mexico. *See* 8 C.F.R. §§ 1208.17(a), 1208.18(a)(1). Generalized evidence of violence and crime in Mexico is insufficient to prove eligibility for CAT protection. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). Petitioners did not present evidence that they or any of their family members were ever harmed or tortured in Mexico.

**PETITION FOR REVIEW DENIED.**[1]

---

[1] The motion for a stay of removal (Dkt. No. 1) is denied.